UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
MENDEL NEUMAN,                                                          :     21-CV-6386 (ARR) (RER)
                                                                        :
               *Plaintiff*,                                              :     NOT FOR ELECTRONIC
                                                                        :     OR PRINT PUBLICATION
  -against-                                                            :
                                                                        :
MACHNE OF RICHMOND and YAAKOV S.                                        :     **OPINION & ORDER**
SCHWARTZ,                                                               :
                                                                        :
               *Defendants*.                                            X
-----------------------------------------------------------------------

ROSS, United States District Judge:

On August 15, 2019, plaintiff Mendel Neuman sustained injuries in a motor vehicle accident. After plaintiff sued defendant Machne of Richmond ("Machne"), the lessee and operator of the vehicle, and defendant Yaakov Schwartz, the driver of the vehicle, defendant Schwartz removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff now moves to remand the case to state court and for attorney's fees. For the reasons set forth below, I grant plaintiff's motion to remand but deny his motion for attorney's fees.

## BACKGROUND

On May 7, 2021, plaintiff sued defendants in Kings County Supreme Court for damages arising from an August 15, 2019, motor vehicle accident. Pl.'s Mem. of Law in Supp. of Mot. to Remand 2 ("Pl.'s Mem. of Law"), ECF No. 7-7. At the time of the accident, plaintiff was a passenger in the vehicle, which was leased by defendant Machne. *Id.* Defendant Schwartz, who was then working for defendant Machne, Notice of Removal, Ex. 1 ¶¶ 9−10, 26. ("Compl."), ECF No. 1-1, was driving the vehicle when he "los[t] control," causing the car to "leave the roadway, enter a ditch and overturn," *id.* ¶ 26.

On November 17, 2021, defendant Schwartz removed this case pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. *See* Notice of Removal 1, 3, ECF No. 1. Defendant Schwartz submits that I have federal subject matter jurisdiction over this case because the amount in controversy exceeds $75,000 and the parties are completely diverse: plaintiff is a domiciliary of New York and defendant Schwartz alleges that both he and defendant Machne are domiciled in New Jersey. *Id.* at 2−3.

On December 15, 2021, plaintiff moved to remand this case to state court on three grounds: first, that defendant Schwartz's removal was untimely; second, that defendants did not satisfy the rule of unanimity, under which all defendants must consent to removal; and finally, that the parties are not completely diverse. Pl.'s Mem. of Law at 2−8.

## DISCUSSION

"Because [] federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns," *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 382 (S.D.N.Y. 2006) (citation and internal quotation marks omitted), I "construe the removal statute narrowly" in deciding plaintiff's motion, "resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks and citation omitted). Moreover, on a motion to remand, I am not bound by the facts alleged in plaintiff's complaint; I may also consider extrinsic materials, "such as documents attached to [the] notice of removal or [the] motion to remand that convey information essential to my jurisdictional analysis." *Romero v. DHL Express (U.S.A), Inc.*, No. 15-CV-4844 (JGK), 2016 WL 6584484, at *1 (S.D.N.Y. Nov. 7, 2016), *aff'd*, *sub nom. Romero v. DHL Express (USA), Inc.*, 719 F. App'x 80 (2d Cir. 2018).

**I.     The Parties Are Not Completely Diverse.**

Federal courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "'Citizens of different [s]tates' means that there must be complete diversity, *i.e.*, that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (internal citations and modification omitted). Citizenship in turn is determined by an individual's domicile, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). "At any given time, a person has but one domicile," *id.*, and for purposes of diversity jurisdiction, a person's domicile is evaluated as of the date that the action is filed, *see Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986); *see also Halbritter v. Stonehedge Acquisition Rome II, LLC*, No. 07-CV-3848 (WHP), 2008 WL 926583, at *2 (S.D.N.Y. Apr. 2, 2008) ("Events after the date of initiation of the lawsuit may not be considered in evaluating domicile.").

Determining an individual's domicile is a fact-intensive inquiry that requires consideration of several factors, including the individual's "current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." *Bank of India v. Subramanian*, No. 06-CV-2026 (WHP), 2007 WL 1424668, at *3 (S.D.N.Y. May 15, 2007). "No single factor is determinative, and courts must consider the totality of the evidence." *Halbritter*, 2008 WL 926583, at *3 (internal quotation marks and citation omitted).

Ordinarily, when a party challenges diversity jurisdiction on the grounds of citizenship, as

plaintiff has here done, "the opposing party must meet the challenge with competent evidence of the citizenship in dispute." *Kissel v. DiMartino*, No. 92-CV-5660 (CPS), 1993 WL 289430, at *4 (E.D.N.Y. July 20, 1993); *cf. Willis*, 651 F. Supp. at 601 (placing the burden of proving complete diversity of citizenship on the party invoking federal subject matter jurisdiction). Where the opposing party relies on a change in domicile to invoke diversity jurisdiction, however, he must prove his change in domicile by clear and convincing evidence. *See Corio*, 232 F.3d at 42 (internal quotation marks and citation omitted); *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 456 (W.D.N.Y. 2011). A change in domicile is proven by showing first, residence in a new domicile, and second, the intention to remain there—"[b]oth are alike necessary" and "[e]ither without the other is insufficient." *Corio*, 232 F.3d at 42.

In the instant case, plaintiff argues that there is not diversity jurisdiction because the parties are not completely diverse. Pl.'s Mem. of Law 5−7. Specifically, plaintiff alleges that while defendant Machne is domiciled in New Jersey, both plaintiff and defendant Schwartz are domiciled in New York. In response, defendant Schwartz argues that while he previously lived in New York,[1] he moved to New Jersey before May 25, 2021, when plaintiff attempted to effectuate service, and is now a domiciliary of the state. Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand 2, 4 ("Def.'s Opp'n"), ECF No. 9-6 ("While service at [defendant's][2] old New York address may have been effective if he still resided in New York, it was not effective in this case where he moved to

---

[1] Evidence in the record supports that defendant Schwartz was previously a citizen of New York. For example, a police report generated on the date of the August 15 motor vehicle accident lists a Brooklyn address for defendant Schwartz. *See* Pl.'s Mot. to Remand, Ex. 5 ("Police Report"), ECF No. 7-6.

[2] Although defendant Schwartz states that "service at *[p]laintiff's* old New York address may have been effective if he still resided in New York," because this sentence concerns plaintiff's service of process on defendant Schwartz, I assume it should in fact read "service at *defendant's* old New York address may have been effective if he still resided in New York."

4

New Jersey."). Defendant Schwartz's argument implies that his domicile changed. Accordingly, I must look at the evidence adduced by both parties to determine whether defendant Schwartz has proved this change by clear and convincing evidence.

Defendant Schwartz has sufficiently proved that he resided in New Jersey on the date that this action commenced. In defendant Schwartz's sworn declaration, he avers that he was living in Lakewood, New Jersey, on May 25, the date plaintiff attempted to effectuate service, and continues to reside there today. *See* Def.'s Opp'n, Ex. 4 ¶¶ 2−4 ("Schwartz Decl."), ECF No. 9-5. Additionally, a New Jersey driver's license issued to defendant Schwartz on March 11, 2021, bears the same New Jersey address as that listed in defendant Schwartz's declaration. *Id.* at p. 2. While this evidence, taken together, is sufficient to establish the first element required to prove a change in domicile—residence—the question still to be answered is whether, at the time the complaint was filed, defendant Schwartz intended to remain in New Jersey indefinitely. *See Zuckerberg*, 772 F. Supp. 2d at 455−56; *Corio*, 232 F.3d at 42 ("A party alleging that there has been a change of domicile has the burden of proving the required intent to give up the old and take up the new domicile . . . ." (internal quotation marks, alterations, and citation omitted)).

Defendant Schwartz has not adduced any direct evidence on this point. The evidence that comes closest to establishing defendant Schwartz's intent to stay in New Jersey is his averment that he is domiciled in the state.[3] *See* Schwarz Decl. ¶ 2, 4. Contrary to defendant Schwartz's

---

[3] Defendant Schwartz erroneously conflates domicile with residence at certain points in his briefing. For example, while defendant Schwartz contends that his declaration is sufficient to establish domicile for purposes of diversity jurisdiction, he goes on to assert that he is "not required to provide any more proof that [he] *resides* in New Jersey" other than his declaration. *See* Def.'s Opp'n 5 (emphasis added). Because in his actual declaration, defendant Schwartz avers that he both is domiciled and resides in New Jersey, I assume that defendant Schwartz's interchangeable use of "domicile" and "residence" was merely poor draftsmanship. Accordingly, I construe defendant Schwartz's argument as being that a party need not provide proof of domiciliary beyond declaring that he is *domiciled* in a state.

assertion, however, this is not dispositive evidence of his domiciliary. *See* Def.'s Opp'n 5 (arguing that "[d]eclarations by [] parties are sufficient in [and] of themselves to establish domicile for diversity purposes" with citation to a single case from the District of Connecticut). While a "person's sworn declaration of their domicile is [normally] *prima facie* proof of domicile for diversity purposes," *Bruccoleri v. Gangemi*, No. 17-CV-7443 (ILG), 2019 WL 499769, at *2 (E.D.N.Y. Feb. 8, 2019), "[a] court should not rely on *self-serving* declarations in evaluating where a party was domiciled for the purposes of diversity jurisdiction," *Shcherbakovskiy v. Seitz*, No. 03-CV-1220 (RPP), 2010 WL 1063566, at *3 (S.D.N.Y. Mar. 23, 2010) (emphasis added); *see Bank of India*, 2007 WL 1424668, at *4 ("[S]elf-serving declarations . . . are insufficient to establish domicile."). Instead, a "party's own statements concerning his intentions . . . are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent." *Bevilaqua v. Bernstein*, 642 F. Supp. 1072, 1074 (S.D.N.Y. 1986); *see also Willis*, 651 F. Supp. at 601 ("[S]ubjective statements of . . . intent to make [a particular state] one's home . . . cannot suffice for a finding of state citizenship if such statements are belied by objective indicia of actual residence and intent.").

Facts in the record tend to disclose this contrary intent. Months after plaintiff commenced this action, defendant Schwartz still had a Brooklyn address registered with the New York Department of Motor Vehicles. *See* Pl.'s Mot. to Remand, Ex. 4, ECF No. 7-5 (New York Department of Motor Vehicles search generated on July 19, 2021); Pl.'s Mem. of Law 4. And of significant weight, in a deposition of defendant Schwartz taken on June 9, 2021, and filed by plaintiff, defendant Schwartz submitted that he attends college in New Jersey and does not know where he will live after completing his degree. *See* Pl.'s Reply in Supp. Mot. to Remand, Ex. 6 ("Schwartz Dep."), ECF No. 10-2 (stating "[t]hat's . . . an interesting question, I don't know, we'll

6

figure it out then, right?" when asked if he plans to return to New York after college). "Courts have consistently recognized that out-of-state college students are temporary residents and not domiciliaries of the states in which they attend college, because residence at college is chosen primarily for the short-term purpose of pursuing an education." *Hakkila v. Consol. Edison Co. of N.Y.*, 745 F. Supp. 988, 990 (S.D.N.Y. 1990); *see, e.g.*, *Hamilton v. Accu-Tek*, 13 F. Supp. 2d 366, 369 (E.D.N.Y. 1998); *Glasford v. Schreier,* 03-CV-9494 (RCC), 2004 WL 1469469, at *2 (S.D.N.Y. June 30, 2004). Here, defendant Schwartz's admission that his future residence is unknown suggests that he is living in New Jersey for the short-term purpose of attending school.

Considering the totality of the evidence before me—defendant Schwartz's New Jersey driver's license; his declaration that he is domiciled in New Jersey; his registration with the New York Department of Motor Vehicles even after the initiation of the present suit; and his admission that he does not know where he will live after completing his college degree—I conclude that defendant Schwartz has not proved his change in domicile by clear and convincing evidence. While defendant resides in New Jersey at the present moment, his intent to stay in New Jersey long-term is speculative at best. This is insufficient to overcome the presumption favoring his former domicile: New York. *See Kleiner v. Blum*, No. 03-CV-3846 (NRB), 2003 WL 22241210, at *1 (S.D.N.Y. Sept. 30, 2003) ("The party alleging a change of domicile faces a contrary presumption and must establish the change by clearing and convincing evidence." (quotation marks and citation omitted)); *see also Gold v. Katz*, No. 90-CV-7726 (RLC), 1991 WL 237807, at *2–4 (S.D.N.Y. Nov. 4, 1991) (concluding that the plaintiff had failed to establish a change in domicile by clear and convincing evidence when the factors favoring his domicile weighed "nearly equally" in favor of his old and new residences). Because I find that both plaintiff and defendant Schwartz are citizens of New York, diversity jurisdiction—the basis for defendant Schwartz's

removal of this case to federal court—is lacking. Accordingly, plaintiff's motion to remand is granted.

## II.    I Decline to Award Attorney's Fees.

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." The "standard for awarding fees . . . turn[s] on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Turning to the facts of this case, I do not find that attorney's fees are warranted. Defendant Schwartz failed to prove his intent to stay in New Jersey permanently. This failure, however, turned on the heavy burden he carried to prove his intent to remain there—clear and convincing evidence. Though I ultimately found that defendant Schwartz had not met this high standard, at the time that plaintiff initiated his suit, defendant Schwartz was residing in New Jersey and intended to stay there at least through the completion of his schooling.  Thus, the "lack of [diversity] jurisdiction was not obvious from the face of the removal petition," *Little Rest Twelve, Inc. v. Visan*, 829 F. Supp. 2d 242, 245 (S.D.N.Y. 2011) (citation and quotation marks omitted), but instead rested on my evaluation of the evidence in the record and its relationship to the standard for proving a change in domicile. I therefore conclude that defendant Schwartz's basis for seeking removal was not unreasonable and decline to exercise my discretion to grant attorney's fees. *Cf. Shanahan v. Kolmar Lab'ys, Inc.*, No. 18-CV-8317 (JMF), 2019 WL 935164, at *2 (S.D.N.Y. Feb. 26, 2019) (declining to award attorney's fees to the plaintiffs where the defendants' arguments "fell short"

of proving fraudulent joinder for purposes of federal jurisdiction).

Insofar as the reasonableness of defendant Schwartz's removal depends on the merits of plaintiff's remaining arguments for remand—the untimeliness of defendant Schwartz's removal and defendants' failure to satisfy the rule of unanimity—I briefly address them here. I turn first to plaintiff's argument that defendant Schwartz's removal of this case to federal court was untimely. *See* Pl.'s Mem. of Law 2−5.

Under 28 U.S.C. § 1446(b)(1), the "notice of removal of a civil action . . . [must] be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." For actions commenced in New York State court, this thirty-day period is "measured from the date service is complete, which N.Y. C.P.L.R. § 308(2) defines as ten days after the filing of proof of service showing simultaneous service of the summons and complaint, or receipt of the complaint after and apart from service of the summons." *MRS Prop. Invs, Inc. v. Bivona*, 21-CV-1104 (EK), 2021 WL 1738329, at *2 (E.D.N.Y. May 3, 2021) (internal quotation marks and citation omitted). Because the affidavit of service was filed in Kings County Supreme Court on June 1, 2021, *see* Pl.'s Mot. to Remand, Ex. 2, ECF No. 7-3, plaintiff argues that service was complete on June 11, 2021, and the deadline for removal was July 11, 2021, more than four months before defendant Schwartz removed the case. *See* Pl.'s Mem. of Law 3. While such facts would ordinarily render defendant Schwartz's removal untimely, plaintiff's argument overlooks a key factor in calculating the removal clock under Second Circuit law: it "does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). A defendant may also remove their case after the thirty-day period "when, upon [his] own independent investigation, [he] determines that the case is removable." *Cutrone v. Mortg. Elec. Registration*

9

*Sys., Inc.*, 749 F.3d 137, 139 (2d Cir. 2014). Here, plaintiff's complaint did not specify a damages amount, but instead stated that plaintiff sought "a sum which exceeds the jurisdictional limits of all lower [c]ourts."[4] Compl. 6. According to defendant Schwartz, he first learned about the amount in controversy during an October 28, 2021, telephone call, when plaintiff's counsel told defense counsel that his client sought $100,000. Def.'s Opp'n 3–4. Defendant Schwartz removed this case thereafter, on November 17, 2021.

In response, plaintiff contends that defendant Schwartz learned of the amount in controversy during settlement discussions that took place between plaintiff's counsel and defense counsel prior to October 28, 2021. *See* Pl.'s Reply in Supp. Mot. to Remand 6, ECF No. 10. Even if the record supported this assertion, it does not alter my analysis: although a defendant may remove a case to federal court after learning the amount in controversy through his own investigation, as defendant Schwartz did here, § 1446(b)(1)'s thirty-day clock does not begin until the defendant is served a paper that explicitly states this amount. *See Cutrone*, 749 F.3d 137, 146−47. Based on my review of the record in this case, it does not appear that defendant Schwartz has yet been served with such a paper. Accordingly, I find that defendant Schwartz has satisfied his burden of showing that removal was timely. *Wade v. Burns*, 803 F. App'x. 433, 435–36 (2d Cir. 2020) (noting that defendant bears the burden of establishing that removal was proper). The awarding of attorney's fees to plaintiff is therefore improper on this ground.[5]

---

[4] Civil courts, which are the lower courts in New York City, have jurisdiction over cases involving amounts up to $50,000. Janet DiFiore & Lawrence K. Marks, *New York State Courts: An Introductory Guide*, New York State Unified Court System 2 (July 2016), http://ww2.nycourts.gov/sites/default/files/document/files/2019-06/NYCourts-IntroGuide.pdf.

[5] Because I find that defendant Schwartz's removal was timely even if he was served on May 25, 2021, *see* Pl.'s Mem. of Law 2, I decline to address his alternative argument: that removal was timely because service was not effected until November 15, 2021. *See* Def.'s Opp'n 4.

Plaintiff also raises the rule of unanimity. "Although there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day [removal] period, a requirement known as the 'rule of unanimity.'" *Beatie*, 431 F. Supp. 2d at 383 (citations omitted).[6] To satisfy the rule of unanimity, "most courts have required some form of unambiguous written evidence of consent . . . in timely fashion." *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (citation and quotation marks omitted). In defendant Schwartz's notice of removal, defense counsel, who also represents defendant Machne, expressly noted defendant Machne's consent to removal. *See* Notice of Removal ¶ 17. Plaintiff contends that this was insufficient to satisfy the rule of unanimity because defendant Machne did not itself sign the notice of removal, and a "a signing attorney's joint representation of defendants does not [on its own] satisfy the rule of unanimity." Pl.'s Mem. of Law 7.[7] It is true that the rule of unanimity is not satisfied merely because an attorney jointly represents two defendants. *See Beatie*, 431 F. Supp. at 384 n.10. But where, as here, counsel represents co-defendants and states that both defendants consent to removal, the rule of unanimity is satisfied. Indeed, several courts in this circuit have found this to be the case. *See, e.g., Dunlop v. City of New York*, No. 06-CV-433 (KMK), 2006 WL 2853972, at *3 (S.D.N.Y. Oct. 4, 2006) (finding the rule of unanimity satisfied where legal counsel for all defendants stated in the notice of removal that

---

[6] Although I address the merits of plaintiff's argument, as just discussed, there is a question as to whether the thirty-day removal period was even triggered in this case.

[7] According to plaintiff, defendant Machne's consent to removal was not expressly given until December 16, 2021, when it filed a separate consent to removal. Pl.'s Reply in Supp. Mot. to Remand 5; *see also* Def. Machne's Notice of Removal, ECF No. 8. Because December 16, 2021, was more than thirty days after the date defendant Schwartz alleges that he was served (November 15, 2021), Def.'s Opp'n 4, plaintiff argues that this filing does not satisfy the rule of unanimity. Pl.'s Reply in Supp. Mot. to Remand 5.

"all defendants have consented to removal of this action"); *Bill Wolf Petroleum Corp. v. Vill. of Port Washington N.*, 489 F. Supp. 2d 203, 208 (E.D.N.Y. 2007) (finding the rule of unanimity satisfied when the defendants' counsel filed a notice of removal specifically noting that he was filing on behalf of all the defendants, listed each defendant by name, and above his signature line again noted that he was counsel to all defendants); *Moorer v. Incorporate Vill. of Hempstead*, No. 19-CV-4982 (JMA), 2020 WL 4003605, at *2 (E.D.N.Y. July 15, 2020) (concluding all defendants consented to removal when they were represented by the same law firm, each defendant was listed by name in the notice of removal, and all were collectively identified as "defendants" in the case caption); *Codapro Corp.*, 997 F. Supp. at 325 (noting that the rule of unanimity requires "some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action" (internal quotation marks and citation omitted)). Because plaintiff's argument on the rule of unanimity fails, I find that the request for attorney's fees on this basis is also without merit.

## CONCLUSION

For the reasons discussed above, I grant plaintiff's motion to remand and deny his motion for attorney's fees.

SO ORDERED.

                                                                                                        /s/_____
                                                                                                        Allyne R. Ross
                                                                                                         United States District Judge

Dated:        May 19, 2022
                Brooklyn, New York